THE STATE EX REL. OHIOANS FOR FAIR DISTRICTS ET AL. *v.* HUSTED,
SECY. OF STATE, ET AL.

[Cite as *State ex rel. Ohioans for Fair Dists. v. Husted*,
130 Ohio St.3d 240, 2011-Ohio-5333.]

*Referendum—Sections 1c and 1d, Article II, Ohio Constitution—Reapportionment*
*bill subject to referendum—Writ granted.*

(No. 2011-1646—Submitted October 13, 2011—Decided October 14, 2011.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} We grant relators, Ohioans for Fair Districts and its members, a writ of mandamus to compel respondent, Secretary of State Jon Husted, to treat Sections 1 and 2 of Sub.H.B. No. 319 ("H.B. 319"), which establishes new congressional districts for the state based on the 2010 decennial census, as subject to referendum, to accept the submission of relators' referendum-petition summary, and to discharge the duties of his office as provided by Article II of the Ohio Constitution and R.C. 3519.01. Unless a valid referendum petition is timely filed with the secretary of state, these sections of H.B. 319 will become effective 90 days from the September 26, 2011 date the bill was filed by the governor in the office of the secretary of state. Section 1c, Article II, Ohio Constitution.

{¶ 2} Under Section 1c, Article II, no law or section of any law "passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided." Section 1d, Article II sets forth the exceptions to the general rule, with the exception claimed by respondents here being the one for "appropriations for the current expenses of the state government and state institutions." The

challenged reapportionment provisions of H.B. 319 are not appropriations for current expenses of the state government and state institutions, and the inclusion of the appropriation in Section 4 of H.B. 319 does not alter this result. See generally *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 45; see also *State ex rel. Ohio AFL-CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 236, 631 N.E.2d 582, quoting *State ex rel. Riffe v. Brown* (1977), 51 Ohio St.2d 149, 167, 5 O.O.3d 125, 365 N.E.2d 876 (O'Neill, C.J., dissenting).

{¶ 3} Our holding in *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1998), 81 Ohio St.3d 480, 692 N.E.2d 560, does not warrant a different conclusion. In *Taft*, we held merely that certain provisions of legislation imposing taxes if approved by a majority of electors voting in a special election were not subject to referendum even though they did not appropriate money, because implementation of the sections—for a statewide election on the proposed taxes—depended upon the appropriation of money for the election in a separate section of the same act. In effect, the proposed taxes were already subject to a referendum in the form of the special election, and the appropriation of current expenses for the election was to implement that one-time, special election. The provisions in *Taft* were consequently temporary measures that did not effect a change in permanent law. See *LetOhioVote* at ¶ 47. That is manifestly not the situation here, where the reapportionment sections of H.B. 319 change Ohio law and are not already subject to voter approval.

{¶ 4} Therefore, consistent with precedent and the plain language of Section 1c, Article II of the Ohio Constitution, we grant the writ of mandamus.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 5} I concur in judgment only, but write separately because I believe that this case is best resolved by looking solely at the plain language of our constitution without relying on additional cases in support, as the majority does.

{¶ 6} The right to challenge legislation is specifically reserved to the people of this state in the Ohio Constitution.  As can be seen in the briefs submitted in this matter, however, this court has been woefully inconsistent with regard to when an exception to the right of referendum applies.  It is time to look carefully at the language of the Ohio Constitution itself.

{¶ 7} Section 1, Article II, Ohio Constitution, provides:

{¶ 8} "The legislative power of the state shall be vested in a General Assembly consisting of a senate and house of representatives but *the people reserve to themselves the power* to propose to the General Assembly laws and amendments to the constitution, and *to adopt or reject the same at the polls on a referendum vote as hereinafter provided. They also reserve the power to adopt or reject any law, section of any law or any item in any law appropriating money passed by the General Assembly, except as hereinafter provided*; and independent of the General Assembly to propose amendments to the constitution and to adopt or reject the same at the polls. The limitations expressed in the constitution, on the power of the General Assembly to enact laws, shall be deemed limitations on the power of the people to enact laws." (Emphasis added.)

{¶ 9} The right of referendum is more particularly described in Section 1c, Article II, Ohio Constitution:

{¶ 10} "The second aforestated power reserved by the people is designated the referendum, and the signatures of six per centum of the electors shall be required upon a petition to order the submission to the electors of the state for their approval or rejection, of any law, section of any law or any item in any law

3

appropriating money passed by the general assembly. No law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided. *When a petition*, signed by six per centum of the electors of the state and verified as herein provided, *shall have been filed with the secretary of state within ninety days after any law shall have been filed* by the governor in the office of the secretary of state, *ordering that such law, section of such law or any item in such law appropriating money be submitted to the electors of the state for their approval or rejection, the secretary of state shall submit to the electors of the state for their approval or rejection such law, section or item,* in the manner herein provided, at the next succeeding regular or general election in any year occurring subsequent to one hundred twenty-five days after the filing of such petition, and no such law, section or item shall go into effect until and unless approved by a majority of those voting upon the same. If, however, a referendum petition is filed against any such section or item, the remainder of the law shall not thereby be prevented or delayed from going into effect."  (Emphasis added.)

{¶ 11} Each section of an act, therefore, may have different effective dates.

{¶ 12} The right of referendum, however, is not without limitation. Section 1d, Article II, Ohio Constitution states:

{¶ 13} "Laws providing for tax levies, appropriations for the current expenses of the state government and state institutions, and emergency laws necessary for the immediate preservation of the public peace, health or safety, shall go into immediate effect. Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the general assembly, and the reasons for such necessity shall be set forth in one section of the law, which section shall be passed only upon a yea and nay vote,

upon a separate roll call thereon. The laws mentioned in this section shall not be subject to the referendum."

{¶ 14} Thus, the general rule in Ohio is that the effective date for a law passed by the General Assembly is delayed for 90 days to allow the possibility of referendum. Exceptions to the general rule are emergency laws that require a super-majority vote and laws providing for tax levies and appropriations for the current expenses of the state government. Because H.B. 319 does not contain a tax levy and was not passed as emergency legislation, the only way it may be characterized as exempt from the right of referendum is as an "appropriation[] for the current expenses of the state government and state institutions."

{¶ 15} Respondents argue that the appropriation in section 4 of H.B. 319 is an appropriation for the current expenses of the state government and therefore that the act is not subject to referendum. If the appropriation is one for the current expenses of the state government, Section 1d, Article II of the Ohio Constitution would exempt only section 4 of H.B. 319 from referendum. The other sections of H.B. 319 remain subject to referendum because Section 1c, Article II, of the Ohio Constitution allows for the right of referendum of any "such law, section of such law or any item in such law appropriating money."

{¶ 16} I would also note that any law that attempts to limit the right of referendum beyond the restrictions provided for in Section 1d, Article II, of the Ohio Constitution, is expressly prohibited by Section 1g, Article II, of the Ohio Constitution. ("The foregoing provisions of [initiative and referendum] shall be self-executing, except as herein otherwise provided. Laws may be passed to facilitate their operation, but in no way limiting or restricting either such provisions or the powers herein reserved.")

{¶ 17} I would grant the writ of mandamus to compel the respondent Secretary of State Jon Husted to treat Sections 1 and 2 of H.B. 319 as subject to

the constitutional right of referendum based solely on the language of the constitution.

_____

McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relators.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, David M. Lieberman, Deputy Solicitor, and Richard N. Coglianese, Assistant Attorney General, for respondent.

Michael DeWine, Attorney General; Baker & Hostetler, L.L.P., John H. Burtch, E. Mark Braden, and Robert J. Tucker, for intervening respondents, Ohio General Assembly, William G. Batchelder, and Thomas E. Niehaus.

_____